1  UNITED STATES DISTRICT COURT
2  DISTRICT OF NEVADA

3  ROBERT C. DENHAM JR.,                    Case No. 2:18-cv-00163-JCM-VCF

4                          Plaintiff        SCREENING ORDER

5       v.

6  JAMES DZURENDA et al.,

7                          Defendants

Plaintiff, a former Nevada Department of Corrections ("NDOC") inmate, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis* for non-prisoners. (ECF Nos. 1-1, 5). Plaintiff resides in Missouri. (*See* ECF No. 1-1 at 1). The court now screens plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915.

**I.  SCREENING STANDARD**

"[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is

essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A *pro se* litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.    SCREENING OF COMPLAINT**

In the complaint, plaintiff sues defendants NDOC employees James Dzurenda, David Tristan, Dwayne Dell, Shelly Williams, and John Does for events that took place after plaintiff's release from prison. (ECF No. 1-1 at 1, 3-4). Plaintiff alleges four counts and seeks monetary damages "in excess of ten thousand dollars." (*Id.* at 16-17).

The complaint alleges the following: After release from prison, plaintiff attempted to seal his criminal records pursuant to Nevada state law. (*Id.* at 7-8). Plaintiff's petition to seal was heard in state court. (*Id.* at 8). The state court judge provided the parties

time to file supplemental briefs on the issue. (*Id.* at 8-9). Plaintiff contacted NDOC employees at the offender management division in an attempt to acquire parole discharge and sentence expiration documents. (*Id.* at 9). In correspondence with Williams, plaintiff specifically told her that he needed the NDOC to provide him with a written document explaining his "total statutory credits deduction" as applied to his particular sentence structure. (*Id.* at 10). Plaintiff also corresponded with Dell to get the documents necessary to seal his criminal record. (*Id.* at 11). Plaintiff was unable to obtain a report that contained a numeric analysis of plaintiff's "flat-time, good-time, and meritorious credits deduction from the maximum term imposed by the 'judgment of conviction,' for the purpose of sealing his criminal record." (*Id.* at 12).

Plaintiff sues defendants for: (1) negligence and the "rights guaranteed by the Fifth and Fourteenth Amendments"; (2) breach of employment duty and the "rights guaranteed by the Fifth and Fourteenth Amendments"; (3) intentional infliction of emotional distress and violations of the Fifth, Eighth, Ninth, and Fourteenth Amendments; and (4) fraud. (*Id.* at 7, 12-13, 15-16).

As an initial matter, the court will address subject-matter jurisdiction in this case. The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Section 1331 provides for federal-question jurisdiction and § 1332 provides for diversity of citizenship jurisdiction. *Id.* "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.* "She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.* at 514. The court now addresses both federal-question and diversity jurisdiction in this case.

**A.    Federal-question Jurisdiction**

Federal district courts have "original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The court finds that there is no federal-question jurisdiction in this case. Although plaintiff lists the Fifth, Eighth, Ninth, and Fourteenth Amendments in his complaint, plaintiff does not allege any facts that would support violations of any of those amendments. (*See* ECF No. 1-1 at 12, 15-16). As such, this action lacks federal-question subject-matter jurisdiction.

**B.     Diversity Jurisdiction**

Federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between citizens of different states. 28 U.S.C. § 1332(a)(1). When a plaintiff brings a case to federal court, it must "appear to a legal certainty" that the plaintiff's claim is really for less than the jurisdictional amount to justify dismissal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

The court finds that there is no diversity jurisdiction in this case. Even if plaintiff and defendants are citizens of different states, plaintiff has not satisfied the $75,000 amount-in-controversy requirement. Plaintiff's complaint only states that this case is worth "in excess" of $10,000 which is insufficient to satisfy the amount in controversy. Moreover, the court finds that, to a legal certainty, plaintiff's claims for being unable to obtain specific documents from the NDOC will not satisfy the $75,000 amount-in-controversy requirement. As such, the court dismisses this case, without prejudice, for lack of subject-matter jurisdiction. If plaintiff wishes to pursue his state law claims for negligence, breach of employment duty, intentional infliction of emotional distress, and fraud, he should file a complaint in state court.

///

### III. CONCLUSION

For the foregoing reasons, it is ordered that the application to proceed *in forma pauperis* for non-prisoners (ECF No. 5) is denied as moot.

It is further ordered that the clerk of the court file the complaint (ECF No. 1-1).

It is further ordered that the court dismisses the complaint in its entirety, without prejudice, for lack of subject-matter jurisdiction.

It is further ordered that the clerk of the court close this case and enter judgment accordingly.

DATED January 9, 2019.

_____
UNITED STATES DISTRICT JUDGE